# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        Plaintiff,

    v.                                          Case No. 04-CR-201

**ERNESTO MARTINEZ**
        Defendant.

---

## SENTENCING MEMORANDUM

Defendant Ernesto Martinez pleaded guilty to conspiracy to distribute 500 grams or more of cocaine. 21 U.S.C. § 841(a)(1), (b)(1)(B) & 846. The pre-sentence report (PSR) designated an offense level of offense level of 21[1] and a criminal history category of II, producing an imprisonment range of 37-46 months under the sentencing guidelines. Neither party objected to the guideline calculation, but defendant requested a non-guideline sentence below the advisory range. I granted his request and in this memorandum set forth my reasons. See 18 U.S.C. § 3553(c).

### I. SENTENCING PROCEDURE

In imposing sentence I must consider the factors set forth in 18 U.S.C. § 3553(a), which are:

    (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2)    the need for the sentence imposed–

---

[1]The base level was 26 based on drug weight, U.S.S.G. § 2D1.1(c)(7), minus 2 because defendant qualified for the safety valve, § 2D1.1(b)(7), and minus 3 for acceptance of responsibility, § 3E1.1.

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3)    the kinds of sentences available;

    (4)    the advisory guideline range;

    (5)    any pertinent policy statements issued by the Sentencing Commission;

    (6)    the need to avoid unwarranted sentence disparities; and

    (7)    the need to provide restitution to any victims of the offense.

The statute directs the court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." United States v. Galvez-Barrios, 355 F. Supp. 2d 958, 960 (E.D. Wis. 2005). I typically group the § 3553(a) factors into three categories: the nature of the offense, the history of the defendant, and the needs of the public and any victims. I analyze each category and in so doing consider the specific statutory factors under § 3553(a), including the advisory guidelines. United States v. Ranum, 353 F. Supp. 2d 984, 989 (E.D. Wis. 2005).

## II. APPLICATION

**A.    Nature of Offense**

Defendant was involved in selling cocaine and marijuana (mostly the latter), in moderate amounts, over a four year period of time. There was no indication of any violence or weapon possession on his part. Thus, the offense was not aggravated.

2

### B. Character of Defendant

Defendant was 24 years old and had no prior criminal record, his only contact with the justice system being a civil drunk driving offense. Defendant lived in Milwaukee most of his life, save for a period of time his family spent in Mexico when he was a child. Defendant had a troubled childhood; his father threw him out of the house at age 16, and he dropped out of high school in order to find work to support himself

Despite an upbringing that is usually a recipe for disaster, defendant mostly behaved in a pro-social manner. He had a steady employment record, owned his own home, and had been in a relationship with the same woman (a senior in college at the time of sentencing) for nine years. He had no children.

Recently, he seemed to be doing quite well, working as a machine operator at Patrick Cudahy, a respected local company, quitting drinking and seeking his GED. He had a spotless record on pre-trial release. I received a letter from QTI Staffing, a temporary agency through which he got the job at Cudahy, indicating that defendant was a highly dependable worker, and from an employee at the University of Wisconsin-Milwaukee who worked with under-represented groups, indicating that defendant was seeking his GED and hoped to obtain a technical degree in auto collision repair. I also received a letter from defendant's Alcoholic's Anonymous (AA) sponsor, indicating that defendant had been active in weekly meetings and other events.

I heard from defendant's girlfriend, Zendy Hernandez, at sentencing, and was quite impressed by her statements regarding defendant's character. She indicated that defendant had a generous nature, helped others whenever he could, and supported her in obtaining her college degree. She stated that defendant had plans for the future, to

3

further his education, and to marry her and start a family. She also indicated that defendant felt relieved to be before the court at sentencing so that he could put this part of his life behind him.

Finally, I was also impressed by defendant's allocution at sentencing. He thanked the government for getting him out of the drug life because he could not get out of it on his own. He, like Ms. Hernandez, stated that he was happy to be before the court for sentencing because it represented the start of a new life.

In sum, defendant's character was quite positive.

**C.     Needs of Public**

Defendant was not a danger and, given his efforts to deal with substance abuse, further his education and work hard, he presented a low risk of re-offending. However, there was a need for confinement to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. He owed $3500 in "buy money," which I ordered be repaid as a condition of supervised release.

**D.     Consideration of Guidelines and Imposition of Sentence**

The guidelines called for a term of 37-46 months. However, I concluded that given defendant's good character and his commendable efforts to better himself, described above, particularly in light of his unstable upbringing, this range was greater than necessary to satisfy the purposes of sentencing. Instead, I found that a sentence of 24 months was sufficient.

Defendant Martinez was the third defendant in this case I had sentenced. I imposed sentences of 18 months on co-defendants Mario and Mauricio Hernandez-Escobar. Both

were somewhat less involved in drug dealing than this defendant, but I believed that by imposing a sentence six months longer that fact was recognized. The reduction from the guidelines I granted was not substantial and was fully justified by the particular facts of this case, thus avoiding unwarranted disparity.

Therefore, defendant was committed to the custody of the Bureau of Prisons for 24 months. Based on his financial situation, I determined that he did not have the ability to pay a fine and thus waived the fine. Finally, I ordered that he serve a three year term of supervised release, the conditions of which appear in the judgement.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge